# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>Plaintiff,<br><br>vs.<br><br>STU SHERMAN,<br><br>Defendant. | 1:18-cv-01074-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I. BACKGROUND

Gregory L. Fletcher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2018, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California. (ECF No. 1.) On August 10, 2018, the case was transferred to this court. (ECF No. 6.) On August 17, 2018, the court issued an order granting Plaintiff leave to proceed *in forma pauperis* with this action. (ECF No. 7.)

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

1

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**III. ANALYSIS**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and should be precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as "strikes" under 28 U.S.C. 1915(g). The Court takes judicial notice of the following four cases: (1) Fletcher v. Johnson, No. 2:16-cv-2136-EFB-P (E.D. Cal.) (dismissed on September 13, 2017, for failure to file amended complaint (see Harris v. Mangum, 863 F.3d 1113, 1143 (9th Cir. 2017)); (2) Fletcher v. Erquiza, No. 4:16-cv-04423-YGR (N.D. Cal.) (dismissed on February 17, 2017, for failure to exhaust remedies, clear on face of complaint (see El-Shaddai v. Zamora, 833 F.3d 1036, 1043-44 (9th Cir. 2016)); (3) Fletcher v. Sugura, 4:16-cv-03920-YGR (N.D. Cal.) (dismissed on January 10, 2017, for failure to state a claim under section 1983)); and (4) Fletcher v. Mendez, No. 4:16-cv-03110-YGR (N.D. Cal.) (dismissed on February 13, 2017, for failure to file amended complaint (see Harris v. Mangum, 863 F.3d 1113, 1143 (9th Cir. 2017)). The court has reviewed the orders dismissing and closing the four cases listed above, and finds that the cases were all properly dismissed as "strikes" under 28 U.S.C. 1915(g).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th

Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. <u>See</u> <u>Andrews</u>, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that on February 12, 2018, he lost his job at the prison because he participated in a hunger strike, and his subsequent request to be placed in a job assignment was denied due to his disability.

Plaintiff has not shown that he was under serious risk of imminent physical harm at the time he filed the Complaint for this action. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff's *in forma pauperis* status should be revoked, and he should be required to submit the appropriate filing fee in full for this action before this case proceed.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's *in forma pauperis* status be revoked, pursuant to 28 U.S.C. § 1915(g);
2. The court's order granting Plaintiff's application to proceed *in forma pauperis* and directing payment of the filing fee by the CDCR, issued on August 17, 2018, be VACATED;
4. Plaintiff be required to pay the $400.00 filing fee in full for this action, within thirty days;[1] and
5. The Clerk be DIRECTED to serve a copy of this order on the Director of the CDCR and the Court's Financial Department.

---

[1] To date, the court has not received any payment for Plaintiff's filing fee in this case. (Court Financial Records.) The filing fee for this action is $350.00 plus a $50.00 administrative fee. 28 U.S.C. § 1914. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. <u>Id.</u> Therefore, Plaintiff now owes a $400.00 filing fee.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2018**        **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE